# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA ANN T.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:17-cv-08798 AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the disputed issues. This matter is now ready for decision.

## BACKGROUND

Plaintiff filed an application for disability benefits on July 8, 2013, alleging disability as of January 22, 2013. Her application was denied initially and on

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

reconsideration. (Administrative Record ["AR"] 88, 95.) A hearing took place before an Administrative Law Judge ("ALJ") on June 20, 2016. (AR 49-61.) A supplemental hearing was held on September 19, 2016. (AR 36-48.) The ALJ issued an unfavorable decision on September 30, 2016. (AR 15-30.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 1-3.)

## DISPUTED ISSUES

1. Whether the ALJ properly considered functionality report of Dr. Michael Elist.
2. Whether the ALJ properly considered Plaintiff's subjective complaints.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The Court reviews the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

///

///

**DISCUSSION**

**1. Consideration of Dr. Elist's Functionality Opinion**

Michael Elist, M.D., is Plaintiff's rheumatologist. (AR 43, 55, 532.) Dr. Elist completed a three-page form, entitled "Medical Opinion Re: Ability To Do Work-Related Activities (Physical). (AR 513-515.) In the form, Dr. Elist noted that Plaintiff can lift and carry less than ten pounds frequently and occasionally, stand and walk for less than two hours during an eight-hour work day, and sit for less than two hours in an eight-hour work day. (*Id.*) He further indicated that Plaintiff would need to be able to shift her position at will and to miss approximately three days of work per month. (*Id.*) In his decision, the ALJ gave little weight to Dr. Elist's opinion, stating as his reasons that the opinion "is brief, conclusory, and inadequately supported by objective findings. The doctor did not provide an explanation for this assessment. He did not provide medically acceptable clinical or diagnostic findings to support the functional assessment." (AR 26.)

The medical opinion of a claimant's treating physician is entitled to controlling weight so long as it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). If a treating physician's medical opinion is uncontradicted, the ALJ may only reject it based on clear and convincing reasons. *Trevizo*, 871 F.3d at 675; *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating physician's opinion is contradicted, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record before rejecting it. *Trevizo*, 871 F.3d at 675; *Ghanim v. Colvin*, 763 F.3d 1154, 1160-1061 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may discredit treating a physician's opinion on the ground that it is conclusory or brief. *See Batson*, 359 F.3d at 1195. Notwithstanding the possible infirmity of multiple reasons, an error may be harmless if the ALJ's remaining

reason was a "specific and legitimate" basis for rejecting the opinion. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-1163 (9th Cir. 2008) (despite the invalidity of one or more of an ALJ's stated reasons for discounting a claimant's credibility, the court properly may uphold the ALJ's decision where the ALJ stated sufficient valid reasons); *see generally Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (court will not reverse an ALJ's decision when it is clear from the record that the ALJ's error is inconsequential to the ultimate nondisability determination).

In the present case, the ALJ gave little weight to Dr. Elist's opinion because it was brief, conclusory, and inadequately supported by objective findings. The Ninth Circuit has held that an ALJ may discredit a treaty physician opinion that is unsupported by rationale or treatment notes, *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), or that is conclusory and brief without presenting support in the objective record, *see Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001); *Batson*, 359 F.3d at 1195. Although Plaintiff attempts to characterize Dr. Elist's opinion as "thorough", the Court has reviewed the three-page document from Dr. Elist and concludes that substantial evidence supports the ALJ's finding that the opinion was "brief" and "conclusory." *See Orn*, 495 F.3d at 630; *Batson*, 359 F.3d at 1196 ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ."). While the form used by Dr. Elist includes spaces for him to include narrative discussions, he added only the tersest of statements (e.g., "causing pain," "RA," and "Arthritis") and did not explain the basis for his opinions. (AR 514-515.) To bolster Dr. Elist's opinion, Plaintiff cites to other medical evidence in the record (*see* ECF No. 21 at 5), but none is from or referred to by Dr. Elist. Indeed, the only other record evidence cited by either side that came from Dr. Elist – besides his three-page opinion – is his business card. (AR 532). Nothing in the record, and certainly nothing in Dr. Elist's opinion, would suggest

Dr. Elist relied upon the objective evidence that Plaintiff now cites in its brief. *Cf. Burrell v. Colvin,* 775 F.3d 1133, 1140 (9th Cir. 2014) (error to reject conclusory opinion of treating physician where the opinions were supported by the physician's "own extensive treating notes").

Accordingly, the Court finds that the ALJ gave specific and legally sufficient reasons for giving little weight to the opinion of Dr. Elist and that those reasons are supported by substantial evidence.

**2. Plaintiff's Subjective Complaints**

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must evaluate the intensity and persistence of the claimant's symptoms and determine the extent to which those symptoms limit his or her ability to perform work-related activities. SSR 16-3P, 2016 WL 1119029, at *4.[2] Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of his symptoms. *Trevizo,* 871 F.3d at 678 (citing *Garrison,* 759 F.3d at 1014-1015). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell,* 775 F.3d at 1138 (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's

---

[2] Social Security Ruling 16-3P, which became effective March 28, 2016 applies to this case. SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. The Ninth Circuit has found the changes in SSR 16-3P to be largely stylistic and held that SSR 16-3P is consistent in substance with Ninth Circuit precedent that existed before the effective date. *Trevizo,* 871 F.3d at 678 n.5. Accordingly, the Court relies upon Ninth Circuit authority governing the proper method for assessing a claimant's credibility.

testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider when making such a determination include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, an unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim*, 763 F.3d at 1163; *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The ALJ here provided several reasons for discounting Plaintiff's subjective complaints. (AR 17-3 at 24-26.) The ALJ concluded that "claimant's statements regarding the intensity, persistence, and limiting effects of symptoms are inconsistent with the overall record because the frequency or extent of treatment is not comparable to the degree of the claimant's subjective complaints." (AR 25-26.) This may be a permissible reason for an adverse finding regarding plaintiff's credibility. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Plaintiff claims that she has a mental impairment and that she is "depressed all the time." (AR 40.) In addition, Plaintiff complains of "loneliness, sad and anxious mood, and low mood and tire appearance" and that she is unable to motivate herself. (AR 24, citing AR 508, 510; AR 25.) However, as found by the ALJ and in contrast to her claim of a severe mental health impairment, Plaintiff lacks a long history of mental health treatment: "Her treatment notes show that she received mental health treatment for less than a year" (AR 25, citing AR 506-512, 516), and at the time of the hearing, she was not seeing a psychologist for treatment. (AR 43.) The ALJ further found that nothing in the record provides a sufficient explanation for Plaintiff not seeking mental health treatment consistent

with her subjective complaints. (AR 25.) Plaintiff's brief in support of her complaint does not contest the ALJ's findings regarding the inconsistencies between Plaintiff's mental health complaints and her lack of extended mental health treatment, and the ALJ's findings in this regard are supported by substantial evidence. Thus, the inconsistencies concerning Plaintiff's mental claims and her lack of extended treatment is a valid, clear and convincing reason for the ALJ's adverse credibility determination. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999).

The ALJ also cited to conservative treatment (specifically use of medications) that Plaintiff received for her physical impairments and to the lack of any evidence of muscle atrophy. In response, Plaintiff argues that there is no evidence of more aggressive treatment that would have been available to her for severe rheumatoid arthritis and that the ALJ failed to cite any medical evidence concerning the significance of lack of muscle atrophy for patients with severe arthritis. As to the use of only medication for the treatment of Plaintiff's arthritis, the Court agrees with Plaintiff that − because the ALJ cited to no more aggressive treatment that was available to Plaintiff − this is not a sufficient finding of conservative treatment and is not a clear and convincing reason to support the adverse credibility determination. However, concerning lack of muscle atrophy, the Ninth Circuit has held that an ALJ may point to lack of muscle atrophy in support of the rejection of testimony by a claimant that severe pain caused her to be physically incapacitated. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1166 (9th Cir. 2001) (proper for ALJ to point to lack of evidence of "disuse muscle atrophy" in support of the rejection of claimant's symptom testimony); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (proper for ALJ to lack of "muscular atrophy" as being inconsistent with a claim of being totally incapacitated); *see also Arellano v. Colvin*, 2014 WL 1092836, at *6 (C.D. Cal. Mar. 18, 2014) (ALJ properly relied

upon absence of evidence of "muscle wasting or atrophy that would be expected if plaintiff had 'extremely weak or zero grip strength' or needed to lie down throughout most of the day" to discredit claimant's allegedly disabling symptoms). Thus, it was not improper for the ALJ here to support the adverse credibility determination by pointing to the lack of atrophy in Plaintiff's extremities as being inconsistent with her claim of disabling pain in her muscles and joints.

Finally, although not discussed in the parties' briefs, the ALJ referred to Plaintiff's activities of daily living as inconsistent with Plaintiff's subjective symptom statements. (AR 25). "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Trevizo*, 871 F.3d at 682 (citing *Ghanim*, 763 F.3d at 1165). Nevertheless, the ALJ was required to identify which particular activity he considered to be incompatible with which of Plaintiff's allegations. *See Burrell*, 775 F.3d at 1138 (error where "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony"). The ALJ did not do so here. As a result, the Court cannot determine whether the ALJ's reliance upon daily activities to undermine Plaintiff's credibility was supported by substantial evidence. *See Garrison*, 759 F.3d at 1016 (only if claimant's level of activity were inconsistent with her claimed limitations would those activities have any bearing on her credibility).

Nevertheless, even assuming that Plaintiff's alleged conservative treatment and her daily activities did not constitute valid reasons for rejecting her subjective complaints, any error in this regard was harmless in light of the other legally sufficient reasons for the ALJ's determination. *See Molina*, 674 F.3d at 1115 (where one or more reasons supporting ALJ's credibility analysis are invalid, error is harmless if ALJ provided other valid reasons supported by the record); *Batson*, 359 F.3d at 1197 (even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless where ALJ provided

other valid bases for credibility determination).

***********

///

///

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 1/14/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE